UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES NATHAN FRY,                )
                                 )
            Plaintiff,           )
                                 )   Civil Action No. 1:18-cv-00698- (UNA)
                                 )
RICHARD KYLE *et al.*,           )
                                 )
            Defendants.          )

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff, James Nathan Fry's, *pro se* complaint and application for leave to proceed *in forma pauperis*. Plaintiff brings claims against all defendants styled under select subsections of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The Court will grant the *in forma pauperis* application and dismiss the case.

<u>Defendants: Kyle, Colloton, Bright & Shepherd ("Judicial Defendants")</u>

Plaintiff has sued four Judges, one of the United States District Court for the District of Minnesota, and three current/former of the United States Court of Appeals for the Eighth Circuit. [*See* Compl. caption; *see also* Compl. at ¶¶ 10-15]. It appears that Judge Kyle presided over Plaintiff's trial and sentencing, and that Judges Colloton, Bright, and Shepherd presided over Plaintiff's post-trial proceedings. Plaintiff alleges that the Judicial Defendants all obstructed justice by engaging in wrongdoing arising out of: grand jury procedure; the styling of indictments; and the criminal charges, and/or false implication of additional charges, filed against him. Plaintiff postures all allegations under RICO, namely 18 U.S. Code § § 1962 and 1964, based on non-

1

specific allegations that the Defendants' conduct consisted of a scheme to defraud the Plaintiff out of his personal and business assets. [*See* Compl. at ¶¶ 10-16].

Based on the allegations in the complaint, all of the actions allegedly were committed by these Defendants while they were acting in a judicial capacity. Such actions are thus protected under the doctrine of judicial immunity. Judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C.Cir.1993); *Caldwell v. Kagan*, 865 F.Supp.2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). Courts have further specified that RICO claims are barred under the doctrine of judicial immunity. *See, e.g., Thomas v. Wilkins*, 61 F.Supp. 3d 13 (D.D.C. 2014). This District has explained that "RICO claims must be denied if they simply constitute another way of attacking a judge's rulings," and that judicial immunity "applies where the RICO-challenged acts are judicial in nature." *Id.* at 20 (internal citations omitted).

Thus, because the acts underlying the Plaintiff's RICO claims were "judicial in nature," they are protected by the judicial immunity doctrine. Further, a judicial act does not become less judicial by virtue of an allegation of malice, corruption or conspiracy. *Id.* Therefore, all claims against the Defendants, Kyle, Colloton, Bright and Shepherd, shall be dismissed.

Defendants: Alexander, Svendsen, Lewis, Rank, Dixon & Docherty ("AUSA Defendants")

Plaintiff also brings claims against six Assistant United States Attorneys, specifically, Defendants, Alexander, Svendsen, Lewis, Rank, Dixon, and Docherty, all of whom appear to have played a role in investigating and/or prosecuting his case, in full or in part. [*See* Compl. caption; *see also* Compl. at ¶¶ 10, 12-15]. Plaintiff makes some respective combination of allegations against these Defendants that he also made against the Judicial Defendants, as discussed *supra*.

2

*See id.* Plaintiff wages one additional allegation specific to Defendant Alexander; Plaintiff claims Defendant Alexander obtained plaintiff's unlawful arrest without a valid warrant and without evidence. [*See* Compl. at ¶ 11]. All of these allegations are again styled as RICO claims. *See* Compl. at ¶¶ 10-15].

"[U]nless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir.1983) (absolute prosecutorial immunity for even quasi-judicial actions), *cert. denied*, 465 U.S. 1100 (1984). The AUSA Defendants were acting within their designated authority to pursue criminal charges. Judicial and quasi-judicial activities include the initiation of a prosecution and the presentation of the government's case. *Id; Expeditions Unlimited Aquatic Enter., Inc. v. Smithsonian Inst.*, 566 F.2d 289, 292 (D.C. Cir. 1977); *Imbler v. Pachtman*, 424 U.S. 409 (1976). Whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss or charge an indictment against particular defendants, which witnesses to call, and what other evidence to present, are all advocatory decisions and thus absolutely immunized. *Imbler,* 424 U.S. at 431; *District of Columbia v. Jones*, 919 A.2d 604, 611 (D.C. 2007); *Moore v. Valder*, 65 F.3d 189, 193-94 (D.C. Cir. 1995). The Court therefore concludes that these Defendants are protected by prosecutorial immunity, and that dismissal is proper.

### Defendants: Klug & Hovey ("Witness Defendants")

Plaintiff brings claims against two government Witness Defendants. [*See* Compl. caption; *see also* Compl. at ¶ 16]. Plaintiff has sued Defendants Hovey (FBI Agent) Klug (IRS Agent), who both participated in the investigation of Plaintiff's case and then testified as prosecutorial witnesses against the Plaintiff. Plaintiff alleges that both Defendants committed perjury and

misrepresented certain records shown to the jury. [*See* Compl. at ¶ 16]. Again, Plaintiff alleges that this was done by way of unexplained wire and/or mail fraud under RICO, in attempts to defraud the Plaintiff of his assets. *See id.*

Absolute immunity for witnesses protects them from suits bringing civil damages, rendering them absolutely immune from liability in cases involving constitutional claims. *See Briscoe v. LaHue*, 460 U.S. 325 (1983); *Briggs v. Goodwin*, 712 F.2d 1444 (D.C. Cir. 1983), *cert. denied*, 464 U.S. 1040 (1983). Even if the Plaintiff's allegations of conspiracy were sufficient, such allegations do not defeat this immunity. *See Martin v. Malhoyt*, 830 F.2d 237, 258 n. 57 (D.C. Cir. 1987). Further, this Court rejects Plaintiff's attempt to avoid the repercussions of immunity by bringing these claims under RICO. Federal Courts have held that, in enacting 18 U.S.C. § 1964, there was no intention to create a loophole abrogating existing immunities protecting government officials and witnesses from civil damage claims. *See, e.g., Thillens, Inc. v. Community Currency Exch. Ass'n of Illinois, Inc.*, 729 F.2d 1128, 1130-31 (7th Cir.), *cert. dismissed*, 469 U.S. 976 (1984); *see also Sellers v. General Motors Corp.*, 590 F. Supp. 502 (E.D. PA 1984). Therefore, these Defendants are protected by absolute immunity from civil liability, and they do not lose that protection merely because the Plaintiff has couched his allegations under RICO. *See id.*

### Defendant: Attorney General of the United States (Obama Administration)

Lastly, Plaintiff has filed suit against the Attorney General of the United States (during the Obama Administration). [*See* Compl. captions; *see also* Compl. at pp. 14-15]. The United States possesses sovereign immunity from suit for money damages except to the extent that it expressly consents to suit. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). Furthermore, sovereign immunity also bars suit for money damages against officials in their official capacities absent a specific waiver by the government. *Clark v. Library of Congress*, 750 F.2d 89, 103

(D.C.Cir.1984).  Plaintiff has neither pleaded nor established that the government has expressly consented to this sort of suit, therefore, subject matter jurisdiction is lacking under Fed. R. Civ. P. 12(b)(1), and dismissal is warranted.

### Challenges to Sentencing & Conviction (All Defendants)

In broadly construing Plaintiff's *pro se* complaint, the Court will also briefly address what appears to be an attack on Plaintiff's conviction.  Plaintiff has styled his complaint as one for relief under RICO, however, the Court is not bound by a *pro se* litigant's characterization of his cause of action.  While Plaintiff pleads for civil damages under RICO, it appears that is raising constitutional issues regarding his trial, conviction, and sentence. [*See* Compl. at ¶ ¶ 10-16; *see also* Compl. at pp. 15-17].  A federal prisoner who makes a collateral challenge to his conviction or sentence must file a motion pursuant to § 2255.  *McLean v. United States*, No. 90-318, 2006 WL 543999 at *1-2 (D.D.C. 2006); *Castro v. United States*, 540 U.S. 375, 381-82 (2003).  Such a motion must be made in the sentencing court.  *Moore v. Smith*, 186 Fed. Appx. 8 (D.C.Cir.2006) (per curiam); *Simmons v. Beshouri*, No. 06-380, 2006 WL 751335 at *1 (D.D.C. 2006).  Plaintiff was convicted and sentenced in the United States District Court for the District of Minnesota.  Therefore, as far as this is a collateral attack on conviction or sentencing, such relief must be sought there.

To the extent that Plaintiff is alleging violations of constitutional rights against these Defendants, *Heck v. Humphrey*, 512 U.S. 477 (1994), is also applicable.  In *Heck*, the Supreme Court held that one who has been convicted of a crime may not ordinarily recover damages pursuant to 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid."  *Id.* at 486.  The only qualification to this otherwise broad prohibition is if a plaintiff can "prove that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87. The parameters of *Heck* have been expanded to reach § 1983's federal equivalent, the "*Bivens* claim." *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971); *see also Williams v. Hill,* 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (per curiam).

If judgment were to be granted in Plaintiff's favor in this case, it "would necessarily imply the invalidity of his conviction." *Heck,* 512 U.S. at 487. Therefore, because Plaintiff was found guilty and because the verdicts have not been set aside, Plaintiff cannot recover damages for the actions of those who allegedly brought about his conviction. *See Williams,* 74 F.3d at 1341. Therefore, dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## Conclusion

For the reasons outlined above, the Court concludes that the Plaintiff, James Nathan Fry's, complaint is dismissed. An Order will be issued separately.

Date: 5/1/18

United States District Judge